UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SCRAMOGE TECHNOLOGY LIMITED,<br><br>     Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>     Defendant. | Case No. 6:21-cv-00579<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT
AGAINST APPLE INC.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Scramoge Technology Limited ("Plaintiff" or "Scramoge") makes the following allegations against Defendant Apple Inc. ("Defendant" or "Apple"):

**INTRODUCTION**

1. This complaint arises from Apple's unlawful infringement of the following United States patents owned by Plaintiff, which relate to improvements in wireless charging of mobile devices: United States Patent Nos. 10,622,842 ("the '842 Patent"), 9,806,565 ("the '565 Patent"), 10,804,740 ("the '740 Patent"), 9,843,215 ("the '215 Patent"), and 10,424,941 ("the '941 Patent") (collectively, the "Asserted Patents").

**PARTIES**

2. Plaintiff Scramoge Technology Limited is a limited liability company organized and existing under the law of Ireland, with its principal place of business at The Hyde Building,

Suite 23, The Park, Carrickmines, Dublin 18, Ireland.  Scramoge is the sole owner by assignment of all right, title, and interest in the Asserted Patents, including the right to recover damages for past, present, and future infringement.

3. On information and belief, Defendant Apple Inc. is a publicly traded corporation organized under the laws of the State of California, with its principal place of business at One Apple Park Way, Cupertino, CA 95014.  Apple may be served with process through its registered agent, CT Corporation System, at 818 West Seventh Street, Suite 930, Los Angeles, CA 90017.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Apple in this action because Apple has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Apple would not offend traditional notions of fair play and substantial justice.  Apple, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).  Apple is registered to do business in Texas, and upon information and belief, Apple has transacted business in this District and have committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents.  Apple has regular and established places of business in this District,

including at 12545 Riata Vista Cir., Austin, Texas 78727; 12801 Delcour Dr., Austin, Texas 78727; and 3121 Palm Way, Austin, Texas 78758.[1]  Apple has also posted job listings for hardware engineers related to battery operation in Austin, Texas, which is a job that concerns the implementation of the inventions contained in the Asserted Patents.[2]

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 10,622,842

7. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 10,622,842, entitled "Wireless power receiver and control method thereof." The '842 Patent was duly and legally issued by the United States Patent and Trademark Office on April 14, 2020. A true and correct copy of the '842 Patent is attached as Exhibit 1.

9. On information and belief, Apple makes, uses, offers for sale, sells, and/or imports certain products and services, including without limitation the iPhone 8, 8 Plus, X, XR, XS, XS Max, 11, 11 Pro, 11 Pro Max, SE (second generation), 12, 12 mini, 12 Pro, and 12 Pro Max ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one

---

[1] *See, e.g.*, https://www.apple.com/newsroom/2019/11/apple-expands-in-austin/; https://www.google.com/maps/place/Apple+Inc./@30.4324406,-97.7359733,15z/data=!4m5!3m4!1s0x0:0x5852421ec4ac410c!8m2!3d30.4322558!4d-97.7359386; https://www.apple.com/retail/domainnorthside/.

[2] *See, e.g.*, https://jobs.apple.com/en-us/details/200193049/hardware-engineer-entry-level-austin?team=HRDWR; https://jobs.apple.com/en-us/details/200124923/power-management-micro-architect?team=HRDWR; https://jobs.apple.com/en-us/details/200065603/csm-analog-power-design-lead?team=HRDWR.

or more claims of the '842 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

10. The Accused Products satisfy all claim limitations of one or more claims of the '842 Patent. A claim chart comparing exemplary independent claims 1 and 19 of the '842 Patent to representative Accused Products is attached as Exhibit 2.

11. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Apple has injured Plaintiff and is liable for infringement of the '842 Patent pursuant to 35 U.S.C. § 271.

12. As a result of Apple's infringement of the '842 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Apple's infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court.

13. Apple's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '842 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

<strong><u>COUNT II</u></strong>

<strong><u>INFRINGEMENT OF U.S. PATENT NO. 9,806,565</u></strong>

14. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

15. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,806,565, entitled "Wireless power receiver and method of manufacturing the same." The '565 Patent was duly and

legally issued by the United States Patent and Trademark Office on October 31, 2017. A true and correct copy of the '565 Patent is attached as Exhibit 3.

16. On information and belief, Apple makes, uses, offers for sale, sells, and/or imports certain products and services, including without limitation the iPhone 12, 12 mini, 12 Pro, and 12 Pro Max ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '565 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

17. The Accused Products satisfy all claim limitations of one or more claims of the '565 Patent. A claim chart comparing exemplary independent claims 1 and 12 of the '565 Patent to representative Accused Products is attached as Exhibit 4.

18. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Apple has injured Plaintiff and is liable for infringement of the '565 Patent pursuant to 35 U.S.C. § 271.

19. As a result of Apple's infringement of the '565 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Apple's infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court.

20. Apple's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '565 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 10,804,740

21. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

22. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 10,804,740, entitled "Wireless power receiver and method of manufacturing the same." The '740 Patent was duly and legally issued by the United States Patent and Trademark Office on October 13, 2020. A true and correct copy of the '740 Patent is attached as Exhibit 5.

23. On information and belief, Apple makes, uses, offers for sale, sells, and/or imports certain products and services, including without limitation the iPhone 8, 8 Plus, X, XR, XS, XS Max, 11, 11 Pro, 11 Pro Max, SE (second generation), 12, 12 mini, 12 Pro, 12 Pro Max, AirPods (second generation) and AirPods Pro ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '740 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

24. The Accused Products satisfy all claim limitations of one or more claims of the '740 Patent. Claim chart comparing exemplary independent claim 6 and 16 of the '740 Patent to representative Accused Products is attached as Exhibits 6 and 7.

25. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Apple has injured Plaintiff and is liable for infringement of the '740 Patent pursuant to 35 U.S.C. § 271.

26. As a result of Apple's infringement of the '740 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Apple's infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court.

27. Apple's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '740 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 9,843,215

28. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

29. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,843,215, entitled "Wireless charging and communication board and wireless charging and communication device." The '215 Patent was duly and legally issued by the United States Patent and Trademark Office on December 12, 2017. A true and correct copy of the '215 Patent is attached as Exhibit 8.

30. On information and belief, Apple makes, uses, offers for sale, sells, and/or imports certain products and services, including without limitation the iPhone 8, 8 Plus, X, XR, XS, XS Max, 11, 11 Pro, 11 Pro Max, SE (second generation), 12, 12 mini, 12 Pro, and 12 Pro Max ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '215 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

31. The Accused Products satisfy all claim limitations of one or more claims of the '215 Patent. A claim chart comparing exemplary independent claim 1 of the '215 Patent to representative Accused Products is attached as Exhibit 9.

32. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Apple has injured Plaintiff and is liable for infringement of the '215 Patent pursuant to 35 U.S.C. § 271.

33. As a result of Apple's infringement of the '215 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Apple's infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court.

34. Apple's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '215 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 10,424,941

35. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

36. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 10,424,941, entitled "Wireless power transmitting apparatus and wireless power receiving apparatus." The '941 Patent was duly and legally issued by the United States Patent and Trademark Office on September 24, 2019. A true and correct copy of the '941 Patent is attached as Exhibit 10.

37. On information and belief, Apple makes, uses, offers for sale, sells, and/or imports certain products and services, including without limitation the Apple Watch, Watch Series 1, Watch Series 2, Watch Series 3, Watch Series 4, Watch Series 5, Watch Series 6, and Watch Series SE ("Accused Watch Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '941 Patent. Identification of the Accused Watch Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

38. The Accused Products satisfy all claim limitations of one or more claims of the '941 Patent. A claim chart comparing exemplary independent claim 1 and claim 4 of the '941 Patent to representative Accused Watch Products is attached as Exhibit 11.

39. By making, using, offering for sale, selling and/or importing into the United States the Accused Watch Products, Apple has injured Plaintiff and is liable for infringement of the '941 Patent pursuant to 35 U.S.C. § 271.

40. As a result of Apple's infringement of the '941 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Apple's infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court.

41. Apple's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '941 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

      a.      A judgment in favor of Plaintiff that Apple has infringed, either literally and/or under the doctrine of equivalents, the '842, '565, '740, '215, and '941 Patents;

      b.      A permanent injunction prohibiting Apple from further acts of infringement of the '842, '565, '740, '215, and '941 Patents;

      c.      A judgment and order requiring Apple to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Apple's infringement of the '842, '565, '740, '215, and '941 Patents; and

      d.      A judgment and order requiring Apple to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court.

      e.      A judgment and order requiring Apple to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the Accused Products;

      f.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Apple; and

      g.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: June 7, 2021 	Respectfully submitted,

*/s/Reza Mirzaie*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Brian D. Ledahl (CA SBN 186579)
bledahl@raklaw.com
James A. Milkey (CA SBN 281213)
jmilkey@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Brett E. Cooper (NY SBN 4011011)
bcooper@raklaw.com
Drew B. Hollander (NY SBN 5378096)
dhollander@raklaw.com
Seth Hasenour (TX SBN 24059910)
shasenour@raklaw.com

RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474
Facsimile: (310) 826-6991

***Attorneys for Plaintiff Scramoge Technology Limited***

11