# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

SCRAMOGE TECHNOLOGY LTD.,

                Plaintiff,

       v.

APPLE INC.,

                Defendant.

Case No.  6:21-cv-00579-ADA

**JURY TRIAL DEMANDED**

██████████████████

**PUBLIC VERSION**

## PLAINTIFF SCRAMOGE TECHNOLOGY LTD.'S OPPOSITION TO APPLE'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.    LEGAL STANDARD......................................................................................... 1

III.    ARGUMENT ..................................................................................................... 1

   A.   The Private Interest Factors Weigh Against Transfer....................................... 2

      i.    Relative ease of access to sources of proof...................................... 2

          a)   There is no identified physical evidence for this factor .............. 2

          b)   Convenience of accessing electronic documents is neutral ....................................... 4

      ii.    Availability of compulsory process ........................................... 5

      iii.    Cost of attendance of willing witnesses............................................ 5

          a)   Apple has just as many witnesses in this District ..................... 6

          b)   Scramoge's witnesses must travel further and incur additional expense if trial is held in NDCA .................................................... 9

      iv.    Judicial economy strongly weighs against transfer in light of two co-pending actions involving the same patents pending before this Court.......................................... 10

   B.   The Public Interest Factors Weigh Against Transfer....................................... 11

      i.    This case will proceed to trial faster in this District ................................... 11

      ii.    Local interest.................................................................................. 11

      iii.    Familiarity of the forum with law-at-issue ........................................ 13

      iv.    Conflict of laws.............................................................................. 13

IV.    CONCLUSION................................................................................................. 13

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*BillJCo, LLC, v. Apple Inc.*,
No. 6:21-CV-00528-ADA, 2022 WL 607890 (W.D. Tex. Mar. 1, 2022) ........................... 3, 11

*CPC Patent Techs. PTY Ltd. v. Apple Inc.*,
No. 6:21-cv-00165, Dkt. No. 82 (W.D. Tex. Feb. 8, 2022) .............................................. passim

*EcoFactor, Inc. v. Google LLC*,
No. 6-20-CV-00075-ADA, 2021 WL 1535413 (W.D. Tex. Apr. 16, 2021) ............... 2, 3, 5, 11

*GUI Glob. Prod., Ltd. v. Samsung Elecs. Co., et al.*,
No. 4:20-CV-2624, 2021 WL 3705005 (S.D. Tex. May 28, 2021) ....................................... 3, 4

*In re Intel Corp.*,
No. 2021-168, 2021 WL 4427875 (Fed. Cir. Sept. 27, 2021) ................................................. 10

*In re Radmax*,
720 F.3d 285 (5th Cir. 2013) ................................................................................................... 2

*In re Vistaprint Ltd.*,
628 F.3d 1342 (Fed. Cir. 2010) ................................................................................................ 1

*In re Volkswagen AG*,
371 F.3d 201 (5th Cir. 2004) ........................................................................................ 1, 2, 12

*In re Volkswagen of Am., Inc.*,
566 F.3d 1349 (Fed. Cir. 2009) .............................................................................................. 10

*In re Volkswagen, Inc.*,
545 F.3d 304 (5th Cir. 2008) .............................................................................................. 1, 10

*Koss Corp. v. Apple Inc.*,
No. 6-20-CV-00665-ADA, 2021 WL 5316453 (W.D. Tex. Apr. 22, 2021) ............................. 8

*Rockstar Consortium US LP v. Google Inc.*,
No. 2:13-CV-893-JRG-RSP, 2014 WL 4748692 (E.D. Tex. Sept. 23, 2014) ........................... 6

*TS Tech USA Corp.*,
551 F.3d 1315 (Fed. Cir. 2008) .............................................................................................. 12

*Uniloc 2017 LLC v. Apple Inc.*,
6:19-CV-00532-ADA, 2020 WL 3415880 (W.D. Tex. June 22, 2020) .................................... 5

**Statutes**

28 U.S.C. § 1404(a) ..................................................................................................................... 4

## I.    INTRODUCTION

Scramoge Technology Ltd. ("Scramoge") initiated this litigation against Apple Inc. ("Apple") in the Western District of Texas ("WDTX"), which is a venue that Apple has availed itself of by having a significant campus and presence of employees.  Critically, Apple's presence in WDTX is related to the wireless charging technology at issue in the instant litigation.  Because of that presence as well as for additional reasons explained herein, Apple has not met its heavy burden to show that this litigation should be transferred to any other venue.

While Apple asserts that the Northern District of California ("NDCA") is a more convenient forum, that is simply not the case.  Jurisdictional discovery has established that multiple relevant witnesses are located in WDTX, and the analysis below shows that the eight transfer factors dictate against transfer.  Accordingly, and as further explained below, Apple's motion should be denied.

## II.    LEGAL STANDARD

The burden to prove that a case should be transferred for convenience falls squarely on the moving party.  *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010).  The burden that a movant must carry is not that the alternative venue is more convenient, but that it is *clearly* more convenient.  *In re Volkswagen, Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008) ("*Volkswagen II*"). There are eight private and public interest factors to be considered in determining whether the alternative venue is *clearly* more convenient.  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

## III.    ARGUMENT

The factors on balance show that NDCA is not a forum more convenient than WDTX, much less *clearly* more convenient as required to transfer to NDCA:

|        | *Volkswagen I* Factor                        | Weight            |
|--------|----------------------------------------------|-------------------|
| A.i.   | Relative ease of access to sources of proof  | Neutral           |
| A.ii.  | Availability of compulsory process           | Against transfer  |
| A.iii. | Cost of attendance for willing witnesses     | Against transfer  |
| A.iv.  | All other practical problems                 | Against transfer  |
| B.i.   | Court congestion                             | Against transfer  |
| B.ii.  | Local interest                               | Neutral           |
| B.iii. | Familiarity with the law                     | Neutral           |
| B.iv.  | Avoidance of unnecessary conflicts of law    | Neutral           |

## A.    The Private Interest Factors Weigh Against Transfer

### i.    Relative ease of access to sources of proof

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *EcoFactor, Inc. v. Google LLC*, No. 6-20-CV-00075-ADA, 2021 WL 1535413, at *2 (W.D. Tex. Apr. 16, 2021) (citation omitted). "[T]he question is *relative* ease of access, not *absolute* ease of access." *Id.* (citing *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original)).  Apple fails to demonstrate that there is any physical evidence in NDCA or that it can more easily access its documents in NDCA than in WDTX.  This factor is neutral.

### a)    There is no identified physical evidence for this factor

Apple fails to point to any relevant physical evidence located in NDCA.  Apple relies solely on the statements of Mr. Mark Rollins, a Finance Manager at Apple, who vaguely asserts that

████████████████████████████████████████████████████████████████

███████████████████████████████████████████  Dkt. No. 37-01 (Rollins Decl.) ¶¶ 7, 12, 16.  To begin with, this statement does not make sense as to physical evidence, as how can ████████████████████████████████████?  Paper does not reside on electronic media, and it is unsurprising that Mr. Rollins cannot identify any "paper files" in NDCA with particularity.  *See, e.g.*, *EcoFactor*, 2021 WL 1535413, at *2 ("Google does not point with

particularity to any relevant physical documents, nor does it confirm the existence of any physical

documents located in the NDCA.").

      Indeed, Mr. Rollins recently made the same representation regarding the location of Apple

documents in another case before this Court.  *See BillJCo, LLC, v. Apple Inc.*, No. 6:21-CV-00528-

ADA, 2022 WL 607890, at *3 (W.D. Tex. Mar. 1, 2022).  As the Court explained, "[t]he

imprecision of []his representation encompasses a scenario in which Apple's documents are not

located in the NDCA at all, but are merely accessible there."  *Id.*  Further, "Mr. Rollins does not

identify any specific physical documents unavailable in electronic form."  *CPC Patent Techs. PTY

Ltd. v. Apple Inc.*, No. 6:21-cv-00165, Dkt. No. 82 at 7 (W.D. Tex. Feb. 8, 2022).  Apple's "vague

and conclusory argument regarding physical documents" is unpersuasive and should be rejected.

*EcoFactor*, 2021 WL 1535413, at *2; *see also GUI Glob. Prod., Ltd. v. Samsung Elecs. Co., et al.*,

No. 4:20-CV-2624, 2021 WL 3705005, at *4 (S.D. Tex. May 28, 2021) ("Given the ambiguity

regarding the location of [the movant]'s files and documents relating to the Accused Products, the

Court declines to speculate as to the actual, physical location of [the movant]'s evidence.").

      Mr. Rollins also vaguely asserts that ███████████████████████████████████

███████████████████████████████████████████████████████████ Dkt. No. 37-01

(Rollins Decl.) ¶ 7.  However, Mr. Rollins is silent as to where any of those hardware components

are currently located.  As Apple identifies Mr. Rollins as only ████████████████████████

██████████████████████████████ (Mot. at 5), it is understandable that he would not

know where hardware components are located.  Simply put, Apple has failed to make any showing

that relevant, hardcopy documents or other evidence is in NDCA, which renders this factor neutral.

*See CPC*, Dkt. No. 82, at 7.

#### b)    Convenience of accessing electronic documents is neutral

The Court evaluates the "relative ease of access to sources of proof" with regard to electronic documents. *CPC*, Dkt. No. 82, at 7.  Mr. Rollins maintains that relevant documents are generally stored electronically on servers.  Dkt. No. 37-01 (Rollins Decl.) ¶ 7.  However, Apple does not explain where its servers are located or whether its electronic documents are just as accessible in WDTX as in NDCA.  During venue discovery, Scramoge specifically asked Apple to identify each of its "data servers that store documents related to any components/materials of the Accused Products."  Hollander Decl. Ex. 1 (Interrogatory No. 4) at 12.  Apple responded that "the details regarding Apple's servers are wholly irrelevant to the issue of the convenience of venue under 28 U.S.C. § 1404(a), especially given Apple has already represented that electronic documents concerning the Apple Products reside on local servers located or accessible in or around NDCA."  *Id.* at 13.  But Apple fails to "explain whether [its] servers are, in fact, located within the Northern District of California, or whether they are merely accessible from that district."  *GUI Glob. Prod.*, 2021 WL 3705005, at *2.

Apple is wrong that its "access from Austin is 'irrelevant to this factor'" because "[t]his factor evaluates the *relative* ease of access to sources of proof."  *CPC*, Dkt. No. 82 at 8 (emphasis in original).  Even assuming Apple's documents are in fact located on servers in NDCA, Apple does not assert that it would be difficult or burdensome to make such documents available in Texas. Nor does Apple explain why its second-largest office, located in Austin, would have any difficulty accessing the documents.  As this Court has observed, Apple "will have similarly convenient access to its own electronic documents at its 15,000-employee campus in Austin."  *CPC*, Dkt. No. 82, at 8.  Indeed, given the fact that Apple employees in New Zealand have also generated relevant documents, it is likely that relevant documents are stored electronically and are available anywhere

(including Texas) "with a click of a mouse or a few keystrokes." *Uniloc 2017 LLC v. Apple Inc.*, 6:19-CV-00532-ADA, 2020 WL 3415880, at *9 (W.D. Tex. June 22, 2020).

In sum, because (1) Apple has not made any showing that physical evidence resides in NDCA and (2) can just as easily access its documents in WDTX as in NDCA, there is no difference in convenience of accessing sources of proof, and this factor is neutral. *CPC*, Dkt. No. 82, at 8-9.

### ii.   Availability of compulsory process

Apple has identified one single third-party witness located in Sunnyvale, California. Specifically, Apple identifies Afshin Partovi of U.S. Patent Nos. 8,169,185 and 9,178,369 as a potential third-party prior art witness (or the assignees of those patents). Mot. at 11. But Apple only asserted these references for U.S. Patent No. 10,424,941, which has been dismissed from the case. Hollander Decl. Ex. 2 (Apple's First Amended Preliminary Invalidity Contentions) at 52-53, 64-66; Dkt. No. 45. As such, Mr. Partovi is not a relevant witness and should be given no weight.

On the other hand, Scramoge has identified a former Apple employee (Ms. Fan Wang) who appears to reside in Austin, Texas—which is within the subpoena power of this Court. Hollander Decl. Ex. 3 (Wang LinkedIn profile). Ms. Wang was a "Power Design Lead" at Apple and is knowledgeable about iPhone "power adapter design." *Id.* To that end, Ms. Wang possesses relevant, material information concerning noninfringing alternatives (namely, traditional, wired charging). Thus, this factor weighs against transfer.

### iii.   Cost of attendance of willing witnesses

"The convenience of witnesses is the single most important factor in the transfer analysis." *EcoFactor*, 2021 WL 1535413, at *4 (citation omitted). Here, Scramoge has identified more relevant Apple witnesses in WDTX than Apple claims are in NDCA. And when considering the

5

additional travel and expense required by Scramoge's witnesses traveling from Ireland or the East Coast, this factor weighs against transfer.

### a)     Apple has just as many witnesses in this District

Apple identifies four employees in NDCA in support of its motion.[1]  Only one—███████ ████—is an engineer.  Dkt. No. 37-01 (Rollins Decl.) ¶ 9.[2]  Apple's other three witnesses ████ ████████████████████████████████) purportedly possess knowledge regarding marketing, licensing, and finance of the Accused Products.  *Id.* ¶¶ 14-16.  Apple's other cited witnesses live outside NDCA (███████████████████████).  *Id.* ¶¶ 10-11.

Apple's quibble with the relevance of ███████—who lives in Austin—contradicts the basic infringement allegations in this case and should not be credited.  Mot. at 12-13.  Mr. Rollins notes that ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ████████  Dkt. No. 37-01 (Rollins Decl.) ¶ 11.  It is clear that ███████████ possesses material knowledge relevant to infringement in this case.  For example, Scramoge alleges Apple infringes U.S. Patent No. 9,806,565 ("the '565 Patent"), which is aimed at a "short-range communication antenna" and the electrical connections between the wireless charging coil, short-range communication antenna, and the rest of the wireless power receiver (*i.e.*, the handset).  Not only does ███████ possess relevant knowledge for Scramoge's allegations of infringement of the

---

[1] The Court should reject any attempt by Apple to rely on unidentified witnesses who may be located in NDCA.  *See Rockstar Consortium US LP v. Google Inc.*, No. 2:13-CV-893-JRG-RSP, 2014 WL 4748692, at *3 (E.D. Tex. Sept. 23, 2014).

[2] ███████ is no longer relevant because his knowledge is limited to inductive charging in the Apple Watch.  As discussed above, on January 11, 2022, the Parties entered a stipulation dismissing U.S. Patent No. 10,424,941 from the case (Dkt. No. 45), which was the only patent to allege infringement by the Apple Watch.

'565 Patent, he also possesses knowledge about the benefits of using wireless inductive charging to the accused iPhones.

In addition to ███████, Scramoge has identified at least six Apple employees located in Austin, Texas who work on the Accused Products and may likely provide material testimony at trial regarding aspects of the accused wireless charging technology:

- Alexander Pollard, Global Supply Manager:  Mr. Pollard "specializ[es] in wireless charging modules" and Apple admits that he "manages the supply of certain components in the iPhone related to inductive charging."  Hollander Decl. ¶ 5; Hollander Decl. Ex. 4 (Pollard LinkedIn profile).  Mr. Pollard possesses relevant information concerning pricing of the components contained in the accused inductive wireless charging modules.  *Id.*

- John Tolman, Engineering Project Manager:  Mr. Tolman worked on the AirPods Charging Case, MagSafe Charger, and MagSafe Duo Charger and possesses relevant, material knowledge on at least Apple's MagSafe technology.  Hollander Decl. Ex. 5 (Tolman LinkedIn profile).  Scramoge alleges infringement of the NFC functionality added to the iPhone 12 and 13 series, which was added to the accused wireless charging modules to enable Apple's MagSafe line of products and accessories.  *Id.*  At a minimum, Mr. Tolman may provide testimony on the benefits of adding MagSafe compatibility to the Accused Products, especially when he also has relevant experience working on the wireless chargers and the wireless charging case for the AirPods (third generation).  *Id.*

- Matthew Marks, Global Supply Manager:  Apple documents reveal that Mr. Marks worked on the wireless charging module for certain of the Accused Products and

possesses relevant information regarding Apple's expenditures in manufacturing the accused wireless charging module for the projects that he has worked on.  Hollander Decl. Ex. 6 (Marks LinkedIn profile); Hollander Decl. Ex. 7 (APL-SCRMG_00002780) at -844).

- Jeremy Meyers, Senior Manager – Battery Product Development:  Mr. Meyers is "[r]esponsible for managing technology development programs and new product introduction for battery cell engineering."  Hollander Decl. Ex. 8 (Meyers LinkedIn profile).  Mr. Meyers' expertise in batteries is relevant to issues concerning the benefits of the accused wireless charging technology and how that technology compares to noninfringing alternatives, such as hard-wired charging.

- Zao Yang (Senior AC/DC Power Design) and Andrew O'Connell (Power Electronics Engineering Manager):  They possess relevant knowledge concerning the benefits of the accused wireless charging technology and how that technology compares to noninfringing alternatives, such as hard-wired charging.  Hollander Decl. Ex. 9 (Yang LinkedIn profile); Hollander Decl. Ex. 10 (O'Connell LinkedIn profile).

As such, because Apple has more relevant witnesses in this District than in NDCA, this factor weighs against transfer.

Additionally, Apple's Austin campus ameliorates any inconvenience for its few witnesses located in NDCA.  *See Koss Corp. v. Apple Inc.*, No. 6-20-CV-00665-ADA, 2021 WL 5316453, at *9 (W.D. Tex. Apr. 22, 2021) ("The Court strongly believes that the convenience of this new Austin facility, along with its existing Austin facilities, greatly minimizes the time that Apple's employees are removed from their regular work responsibilities.").  "Apple boasts that Austin is 'home to Apple's largest campus outside of Cupertino, California,' similar to a second home."  *Id.*

As this Court has observed, "Apple is currently constructing a new $1 billion, 3-million-square-foot Austin campus (in addition to its existing Austin facilities)", which "includes a 192-room hotel with a six-story design to house Apple employees who presumably travel to Austin for work." *Id.*  Apple's new Austin facility is scheduled to open in 2022—prior to trial in this case sometime in early 2023.  *Id.*; Hollander Decl. Ex. 11 (Apple Austin campus construction update).  And the "travel time from this work site to the Court facility would be comparable, if not less, than the travel time from Apple employees California work sites to a NDCA courthouse." *Koss*, 2021 WL 5316453, at *9.

In sum, the parties have identified a total of four Apple witnesses in NDCA (███████████ ████████████████████████████)[3] and seven Apple witnesses in WDTX (████████, Mr. Pollard, Mr. Tolman, Mr. Marks, Mr. Meyers, Mr. Yang, and Mr. O'Connell).  This factor weighs against transfer to NDCA.

**b)      Scramoge's witnesses must travel further and incur additional expense if trial is held in NDCA**

Apple does not discuss the relative travel burden of the witnesses it has identified in its initial disclosures as having information relevant to Plaintiff, the Asserted Patents, and licensing activities:

| Witness identified by Apple | Location identified by Apple |
|---|---|
| Gerald Padian | Katonah, NY |
| Ciaran O'Gara | Galway, Ireland |
| Aoife Butler | Dublin, Ireland |
| Sean O'Sullivan | Ireland |
| Richard Tashjian | New York, NY |
| Daniel Y.J. Kim | Reston, VA |
| Jeff Lloyd | Gainesville, FL |
| Michael Messinger | Washington, DC |
| Khaled Shami | Washington, DC |

---

[3] ████████ is not relevant to this factor.  *See supra* n.2.

Hollander Decl. Ex. 12 (Apple's Initial Disclosures).

Each of these witnesses' locations in New York, Ireland, Virginia, Florida, and the District of Columbia is farther away from NDCA—and thus more inconvenient—than WDTX. This factor weighs against transfer to NDCA. *See CPC*, Dkt. No. 82, at 11-12 ("Florida witnesses will find it about twice as inconvenient to travel to NDCA than to WDTX because Texas sits halfway from Florida to California").

### iv.   Judicial economy strongly weighs against transfer in light of two co-pending actions involving the same patents pending before this Court

When considering the private interest factors, courts must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (citing *Volkswagen II*, 545 F.3d at 314). "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *Id.* (citation omitted); *see also In re Intel Corp.*, No. 2021-168, 2021 WL 4427875, at *3 (Fed. Cir. Sept. 27, 2021) ("The district court also reasonably found that keeping the cases against Samsung and Intel before one court would preserve judicial economy and minimize the potential for inconsistent judgments."). Indeed, the "existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice." *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("*Volkswagen III*").

Here, there are two other cases pending before this Court that involve the same patents, accuse similar wireless charging technology of infringement, and are proceeding on the same case schedule.[4] The *Samsung* case involves two overlapping patents (U.S. Patent Nos. 9,997,962 and

---

[4] *See Scramoge Tech. Ltd. v. Samsung Elecs. Co., Ltd.*, No. 6:21-cv-00454 and *Scramoge Tech. Ltd. v. Google LLC*, No. 6:21-cv-00616.

9,843,215) and the *Google* case involves three overlapping patents (the '962 Patent, the '215 Patent, and U.S. Patent No. 10,804,740). "The cases involve overlapping issues, such as claim construction, invalidity, prior art, conception, and reduction to practice." *EcoFactor*, 2021 WL 1535413, at *5. Indeed, claim construction has already been consolidated. And "[t]his Court has recognized that 'judicial economy favors having the infringement of the same patent considered by one judge.'" *Id.* (citation omitted). Accordingly, "this factor weighs against transfer because keeping the co-pending litigation that the same patents in this Court will promote judicial efficiency." *CPC*, Dkt. No. 82 at 14.

### B.      The Public Interest Factors Weigh Against Transfer

#### i.      This case will proceed to trial faster in this District

As of last month, there is a substantial difference in docket congestion between WDTX and NDCA: "When comparing times to trial, this Court finds that the administrative difficulties in NDCA weigh against transfer when compared to the administrative difficulties in WDTX." *CPC*, Dkt. No. 82, at 15. Apple's assertion that the time to trial in both districts is "comparable" (25.9 months versus 25.3 months), Mot. at 15, is out of date and inconsistent with "statistics showing that the average time to trial in patent cases in NDCA is now 45.2 months but 25.9 months in this District." *BillJCo.*, 2022 WL 607890, at *8. This factor weighs against transfer.

#### ii.      Local interest

This factor is neutral because Apple has sizable facilities and thousands of employees in both NDCA and WDTX. *BillJCo*, 2022 WL 607890, at *9 ("this District houses Apple's second largest U.S. campus, from which 6,000 Apple personnel work"). In *BillJCo*, this Court found that Apple's significant presence in Austin weighed in favor of maintaining that action in WDTX, despite Apple's assertion that its "'research, design, development, and operating of the accused

11

features primarily takes place' in the NDCA." *Id.*  The weighing in *BillJCo* included the plaintiff's presence in proximity to WDTX.  Thus, because Scramoge does not have a presence in WDTX, Apple's presence in both districts render this factor neutral according to the reasoning in *BillJCo*. *See id.* ("The scales would be balanced were it not for Apple's substantial presence in this District.").

Indeed, Apple's overemphasis on the place where the Accused Products were designed is inconsistent with controlling Fifth Circuit precedent.  *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).  In the seminal case *Volkswagen I*, the district court found that "the place of the alleged wrong is the design shop and factory in Germany where the product was designed and manufactured, not the site of the accident," and thus weighed this factor neutrally.  *Volkswagen I*, 371 F.3d at 205.  The Fifth Circuit disagreed and held that the site of the tort (the car accident) must be given appropriate consideration for this factor.  *Id.*  The tort in this case is patent infringement, and Apple does not assert that its infringement of the Patents-in-Suit in NDCA supports transfer, whereas Scramoge asserts that Apple infringes its patents in WDTX, which weighs against transfer.  Dkt. No. 12 ¶¶ 5, 6.  Applying *Volkswagen I*'s reasoning in this case, it would be error to weigh this factor according to Apple's wishes by considering only the design of the Accused Products in NDCA to the exclusion of the sole identification of an infringement locus as WDTX.  A proper weighing would balance these interests out and render this factor neutral.

Moreover, the available evidence does not support the conclusion that the Accused Products were designed solely in NDCA, as Apple would suggest.  ██████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████████████  Dkt. No. 37-01 (Rollins Decl.) ¶ 10.  Other Apple employees working with ████████ in the Wireless Charging Technology Group are located in

New Zealand and Austin ███████. *Id.* ¶¶ 10-11. As discussed above, Scramoge has been able to identify at least one additional Apple employee in WDTX (Mr. Tolman) who worked on the development of features related to those accused of infringement. The sum of the evidence submitted by the parties shows one developer in NDCA (███████), one in San Diego (███ ███), two in WDTX (███████ and Mr. Tolman), and one in New Zealand. In today's interconnected world where employees from around the globe can seamlessly collaborate on the same product, it is becoming increasingly difficult to identify any one place as where the product was developed. The diffuse nature of the development of the accused features in this case is consistent with a neutral weighing of this factor.

### iii.     Familiarity of the forum with law-at-issue

This factor is neutral.

### iv.     Conflict of laws

This factor is neutral.

## IV.     CONCLUSION

Apple ignores the host of factors that weigh in favor of maintaining this case in WDTX: the availability of compulsory process, the cost of trial attendance for willing witnesses, judicial economy, and court congestion. No factor weighs in favor of transfer. Apple has failed to carry its heavy burden to show that NDCA is a clearly more convenient forum, and its motion to transfer this case to NDCA should be denied.

Dated:  March 22, 2022

Respectfully submitted,

*/s/Reza Mirzaie*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Brett E. Cooper (NY SBN 4011011)
bcooper@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Seth Hasenour (TX SBN 24059910)
shasenour@raklaw.com
Drew B. Hollander (NY SBN 5378096)
dhollander@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474
Facsimile: (310) 826-6991

***Attorneys for Plaintiff Scramoge Technology
Limited***

14

## <u>CERTIFICATE OF SERVICE</u>

I certify that this document is being served upon counsel of record for Defendants on March

22, 2022 via electronic service.

/s/   *Drew Hollander*
Drew B. Hollander
