IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SCRAMOGE TECHNOLOGY LIMITED,<br><br>                    Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>                    Defendant. | Civil Action No. 6:21-cv-00579-ADA<br><br>**JURY TRIAL DEMANDED**<br><br>■■■■■■■■■■ |

**EMERGENCY** ▇▇▇▇ **MOTION TO SEAL PORTIONS OF THE COURT'S ORDER GRANTING APPLE'S MOTION TO TRANSFER (DKT. 77)**

Defendant Apple Inc. ("Apple") moves for an emergency order sealing portions of the Order granting Apple's Motion to Transfer ("Order") (Dkt. 77). Apple moves in this Court because the Parties' Joint Notice Regarding Deadline to Submit Redactions (Dkt. 79) was denied, as well as to satisfy the Court's instruction to follow its Standing Order Regarding Filing Documents Under Seal and Redacted Public Versions, despite the Order transferring the case to the Northern District of California. Apple also asks that the Court keep the entire Order sealed pending resolution of this motion and any related appeal by Apple, and if the Court is inclined to deny this motion to stay publishing the Order pending appellate review.[1]

## I.  INTRODUCTION

In moving to transfer, Apple submitted a declaration from a corporate representative detailing its lack of relevant ties to West Texas. As other corporate representatives do in federal actions every day, Apple's declarant educated himself on certain topics and made related statements under penalty of perjury. His statements were so uncontroversial that Plaintiff Scramoge Technology, Ltd. ("Scramoge") declined to even take his deposition.

When granting Apple's transfer motion, however, the Court *sua sponte* found that Apple's declarant lacked ▓▓▓▓▓. It described him as a ▓▓▓▓▓▓▓▓▓▓ whose ▓▓▓▓▓▓ was ▓▓▓▓▓▓ and ▓▓▓▓▓▓ Respectfully, Apple's declarant did not warrant these attacks on his character; he is simply a person who was doing his job.

Apple asks that the Court seal the entire Order through the pendency of any related appeal, to avoid significant and irreparable harm to the declarant's reputation. The declarant spoke truthfully on Apple's behalf, based on his own knowledge and information he learned from others. Unsealing the Order would expose him to considerable unnecessary censure. The

---

[1] Apple's proposed redactions appear in Exhibit A.

critiques of Apple's declarant also go to the heart of the corporate representative framework, as codified in the Federal Rules and approved by the U.S. Supreme Court. Therefore, allowing time for the Court and the Federal Circuit to consider this important issue would be prudent.

Apple seeks emergency relief reluctantly, only after the Court denied its unopposed request for seven extra business days to tender a redacted version of the Order. (Ex. B.) Apple does so to allow it to promptly move the Court to vacate or reconsider portions of the Order based on evidence confirming the veracity of its corporate declarant's statements. At the very least, this Court should delay the irretrievable step of unsealing of its Order until the parties have had the opportunity to be fully heard.

## II.   FACTS

Scramoge filed its Amended Complaint on June 18, 2021. Apple subsequently identified the likely most relevant and knowledgeable witnesses on topics related to the accused features, which included technical employees as well as those in marketing, licensing, and finance. Specifically, Apple identified Ruben Larsson, Brandon Garbus, Vitor Silva, Krista Grewal, and Mark Rollins as potentially relevant witnesses.[2]

Apple's corporate representative under Rule 30(b)(6) of the Federal Rules of Civil Procedure on these issues personally spoke with these witnesses to confirm the groups in which they worked, the scope of their responsibilities, their locations, and how long they had been employed by Apple.[3] Only after verbally confirming these facts did the declarant executed his declaration attesting to them under penalty of perjury.

---

[2] Apple also identified Rohan Dayal as a potentially relevant witness for the Apple Watch, which Scramoge accused of infringing U.S. Patent No. 10,424,941 ("the '941 patent"). Scramoge dismissed the '941 patent, however, after Apple filed its transfer motion.
[3] Apple's declarant spoke with Mr. Larsson, Mr. Garbus, and Ms. Grewal on October 19, 2021, with Mr. Silva on October 14, 2021, and with Mr. Hartnett on October 20, 2021.

After Scramoge identified additional witnesses located in Austin in its opposition brief, Apple's declarant spoke to most of these witnesses to assess whether they worked on the accused features.[4]  During these phone calls, Apple's declarant investigated and confirmed that most of them did not.  Only after doing so did he execute his reply declaration attesting to related facts, again under penalty of perjury.  Dkt. 72-1.

## III.   LEGAL STANDARD

The common law presumption of public access to judicial records is not absolute.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, (1978).  As the Supreme Court has recognized, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.* at 598.  "[T]here are well-recognized situations in which the seal may and should be used." *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987).  For example, the common-law right of inspection has bowed before the need to ensure that court records are not "used to gratify private spite or promote public scandal." *Nixon*, 435 U.S. at 598 (citation omitted).  Similarly, "courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption . . . or as sources of business information that might harm a litigant's competitive standing." *Id*. (citations omitted).

While the Fifth Circuit requires courts to exercise discretion to seal "charily," it also has refused to recognize any "strong presumption" in favor of public access. *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).  In a recent decision, the Fifth Circuit clarified that material filed for non-merits reasons "is not subject to the common-law right of access[.]"  *Binh Hoa Le v. Exeter Finance Corp.*, 990 F.3d 410, 419-21 & n.31 (5th Cir. 2021).

---

[4] Apple's declarant spoke with Alex Pollard, John Tolman, Matthew Marks, Jeremy Meyers and Zao Yang on April 6, 2022 and with Andrew O'Connell on April 8, 2022.

Rather, "judicial records" subject to more extensive public access cover only those submitted at trial or in connection with "motions that require judicial resolution of the merits." *Id*. at 419 n.31 and 420 (the more "arduous" sealing analysis applies at the "adjudicative stage").  The materials relevant to Apple's transfer motion are not such adjudicative records.

IV.   **ARGUMENT**

    A.   **The Order Should Be Sealed To Protect Apple's Declarant From Irreparable Harm**

        1.   **Apple and Its Declarant Have Complied With Standard Corporate Representative Practices**

The Court's Order suggests, in no uncertain terms, that Apple's use of a corporate declarant to support its transfer motion was somehow improper.  But the Federal Rules expressly allow a designated corporate officer or representative to provide testimony even in the absence of personal knowledge.  *See Brazos River Auth. V. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) ("[T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved." (citations omitted) (quoting *U.S. v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996)).  The representative must be prepared "to the extent matters are reasonably available, whether from documents, past employees, or other sources."  *Id*.; *see also Power Home Solar, LLC v. Sigora Solar LLC*, 339 F.R.D. 64, 76 (W.D. Va. 2021) (recognizing that a corporate representative "may require extensive preparation, document review, interviews, and other forms of investigation to reasonably identify the corporation's relevant knowledge and positions and educate the corporate designee on the same.").

Here, Apple's declarant prepared himself consistent with these requirements.  As his declaration explains, he based his statements "upon [his] personal knowledge, [his] review of corporate records maintained by Apple in the ordinary course of business, and/or [his]

discussions with Apple employees." Dkt 37-1, ¶2 (emphasis added). Implicitly recognizing his competence to testify regarding those statements, Scramoge declined to depose him.

The Order's *sua sponte* observation that Apple's declarant ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is incorrect. ▮▮▮▮▮▮

▮ In every case (including this one) in which he has served as Apple's corporate representative, Apple's declarant has spoken with numerous individuals to testify competently and under penalty of perjury as to the statements in his declaration.

The fact that Apple's declarant has spent considerable time educating himself on issues that might support or rebut the appropriateness of venue in West Texas, has personal knowledge on other issues, and has submitted declarations in several cases does not render him ▮▮▮▮▮▮▮▮▮▮—especially as Scramoge itself did not take issue with his statements.

### 2. The Court's Unjustified Statements About Apple's Declarant Will Subject Him to Irreparable Harm, if Made Public.

Allowing the Order to become public is, respectfully, undeserved and would cause the declarant to suffer enormous irreparable harm for multiple reasons.

First, there is simply no basis for the Order's statement that Apple's declarant is a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As noted, Apple's declarant personally confirms the statements in his sworn declarations, including that in this case.

Rather than ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ the Court has long *credited* the declarant's statements. *See e.g., LoganTree LP v. Apple Inc.*, No. 6:21-cv-00397-ADA (W.D. Tex. May 11, 2022), Dkt. No. 38, at 6, 13 ("accord[ing] weight to the . . . [d]eclaration's representation that the source code and technical documents . . . were and are created and maintained in the NDCA" and noting declarant "ha[d] sufficiently explained the

relevant knowledge that these witnesses possess"); *BillJCo, LLC v. Apple Inc.*, No. 6:21-cv-00528-ADA (W.D. Tex. Mar. 1, 2022), Dkt. No. 55, at 13-14 (rejecting plaintiff's assertion that declarant is a "universal witness" and therefore should be disregarded, and finding "no evidence that . . . his knowledge of 'sales and financial information concerning the accused products' [was] for the purpose of distorting the § 1404(a) analysis"); *CPC Patent Techs. Pty Ltd. v. Apple Inc.*, No. 6:21-cv-00165-ADA (W.D. Tex. Feb. 8, 2022), Dkt. No. 82, at 7 (relying extensively on declaration, but also recognizing declarant's lack of personal knowledge when appropriate (*e.g.,* as to venue interrogatories); *Identity Security LLC v. Apple, Inc.*, No. 6:21-cv-00460-ADA (W.D. Tex. Jan. 25, 2022), Dkt. No. 59, at 8 (relying on declaration in finding that two witnesses had identical job descriptions).

Second, not even Scramoge seriously contested the accuracy of Apple's declarant's statements. Scramoge did not allege that his statements were ▓▓▓▓ and ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Instead, Scramoge merely described his statements as "vague." Dkt. 67 at 2-3. But Scramoge never elicited testimony clarifying or challenging those allegedly "vague" statements, as it declined to depose the declarant.

Third, the Court's wide-ranging discussion of the declarant's ▓▓▓▓ was unnecessary to the Court's decision of the transfer motion and thus unworthy of publication. Although ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓, the Court ultimately granted Apple's transfer motion.

Finally, the declarant is a person with a personal and professional reputation. Before joining Apple, he attended the University of California, Berkeley and worked at leading intellectual property and economic consultants. An inaccurate public description of his credibility would follow him both professionally and personally and potentially limit his career

potential, whether at Apple or elsewhere. This would be especially grievous as he was acting no differently from other corporate representatives.

To publish the negative characterizations without allowing Apple the opportunity to defend him and his reputation would be unfair. At minimum, Apple therefore asks that the Court allow Apple's minimal proposed redactions (as reflected in Exhibit A) until after it has considered Apple's motion to vacate or for reconsideration and any related appeals.

### B. The Order Also Should Be Sealed To Protect Apple's Confidential Business Information as to Kevin Hartnett.

Apple also asks that the Court seal its analysis concerning Mr. Hartnett, as it relates to his work on ███████████████████████. Order at 15-16. The Supreme Court and the Fifth Circuit have routinely acknowledged that "sealing may be appropriate where orders [or other filings] incorporate confidential business information." *Nixon*, 435 U.S. at 598-99; *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare,* 781 F.3d 182, 204 (5th Cir. 2015); *see Nixon,* 435 U.S. at 598-99; *see, e.g., Earle v. Aramark Corp.,* 247 F. App'x 519, 525-26 (5th Cir. 2007). Here, the Order's discussion of Mr. Hartnett's role reflects confidential business information, and Apple's interest in preserving its confidentiality outweighs any public interest in accessing it. *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013).

### V. CONCLUSION

Apple's corporate representative provided a sworn declaration under penalty of perjury after confirming the relevant facts with specific witnesses. Scramoge did not directly challenge his statements and declined the opportunity to even depose him. Although the Court *sua sponte* disagreed with certain of his statements in ultimately granting transfer, Apple's representative does not deserve the public reproach that might accompany publication of the Order. Apple therefore implores the Court to keep sealed the entire Order pending resolution of this motion,

Apple's expected motion to vacate or reconsider, and any related appeals. And if the Court is inclined to deny this motion, Apple requests the Court to stay publishing the Order pending appellate review

| | |
|---|---|
| Dated:  May 24, 2022 | Respectfully submitted, |
| | |
| | /s/ J. Stephen Ravel |
| Steven D. Moore (admitted in W.D. Tex.) | J. Stephen Ravel |
| Rishi Gupta (admitted *pro hac vice*) | Texas State Bar No. 16584975 |
| **Kilpatrick Townsend & Stockton LLP** | **Kelly Hart & Hallman LLP** |
| Two Embarcadero Center Suite 1900 | 303 Colorado, Suite 2000 |
| San Francisco, CA USA 94111 | Austin, Texas 78701 |
| Tel: (415) 576-0200 | Tel: (512) 495-6429 |
| Fax: (415) 576-0300 | Email: steve.ravel@kellyhart.com |
| Email: smoore@kilpatricktownsend.com | |
| Email:  rgupta@kilpatricktownsend.com | *Attorneys for Apple Inc.* |

Alton L. Absher III (admitted in W.D. Tex.)
Andrew W. Rinehart (admitted *pro hac vice*)
**Kilpatrick Townsend & Stockton LLP**
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Tel: (336) 607-7300
Fax: (336) 607-7500
Email:  aabsher@kilpatricktownsend.com
Email:  arinehart@kilpatricktownsend.com

Mansi H. Shah (admitted *pro hac vice*)
**Kilpatrick Townsend & Stockton LLP**
1080 Marsh Road
Menlo Park, CA 94025
Tel: (650)752-2445
Fax: (650) 618-8641
Email:  mansi.shah@kilpatricktownsend.com

Amanda N. Brouillette (admitted *pro hac vice*)
**Kilpatrick Townsend & Stockton LLP**
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Tel: (404) 685-6775
Fax: (404) 541-3335
Email:  abrouillette@kilpatricktownsend.com

Kasey E. Koballa (admitted *pro hac vice*)
**Kilpatrick Townsend & Stockton LLP**
4208 Six Forks Road Suite 1400
Raleigh, NC 27609
Tel: (919) 420-1712
Fax: (202).315-3024
Email:  kkoballa@kilpatricktownsend.com

Christopher P. Schaffer (admitted *pro hac vice*)
**Kilpatrick Townsend & Stockton LLP**
12255 El Camino Real, Suite 250
San Diego, CA 92130
Tel: (858) 350-6161
Fax: (858) 408-3428
Email:  cschaffer@kilpatricktownsend.com

## CERTIFICATE OF CONFERENCE

The parties met and conferred on May 24, 2022. Scarmoge does not agree Apple's proposed redactions are appropriate. Accordingly, the issue is presented to the Court for resolution.

> */s/ J. Stephen Ravel*
> J. Stephen Ravel

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via electronic mail on May 24, 2022.

> */s/ J. Stephen Ravel*
> J. Stephen Ravel